# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

BRANDON WARD,

    Plaintiff,　　　　　　　　　　Case No.: _____

vs.

JOHNSON AND JOHNSON,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Johnson & Johnson ("J&J" or "Defendant"), improperly sued as Johnson and Johnson, hereby removes the above-captioned action presently pending in the Circuit Court of the Seventh Judicial Circuit, in and for St. Johns County, Florida (the "State Court"), to the United States District Court for the Middle District of Florida, Jacksonville Division, based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.

The United States District Court for the Middle District of Florida has original subject matter jurisdiction with respect to this civil action pursuant to 28 U.S.C. § 1332(a) and 1441, because there is complete diversity between Plaintiff Brandon Ward and all properly joined parties, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. In support of removal, J&J further states as follows:

**I.     THE STATE COURT ACTION.**

1. On December 22, 2025, Plaintiff Brandon Ward ("Plaintiff") commenced this civil action in the Circuit Court of the Seventh Judicial Circuit, St. Johns County, Florida, by filing a Complaint for Product Liability captioned *Brandon Ward v. Johnson and Johnson*, 55-2025-CA-001784-A000MX (the "State Court Action").

2. J&J is the only defendant named in the Complaint. *See* Compl. at 1 (Caption).

3. Plaintiff attempted, but did not effectuate, service of the Complaint on J&J on January 14, 2026.

4. Plaintiff subsequently served J&J's registered agent on January 23, 2026.

5. In the Complaint,[1] Plaintiff purports to assert product liability claims against J&J, alleging that he sustained injuries and damages, caused by his use of the antipsychotic medications, Invega® and Invega Sustenna®. *See* Compl. ¶¶ 1, 2. Plaintiff further alleges that Invega® caused him to require a laparoscopic cholecystectomy in April 2019 and that the medication caused him to develop brown gallstones. *Id.* ¶ 2.

---

[1] Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon J&J, which papers include the Complaint, are attached. The Complaint is attached as **Exhibit A**. All other process and pleadings are attached as **Exhibit B**.

6.    Additionally, Plaintiff also appears to seek injunctive relief stemming from a signed Confidential Settlement Agreement and Release ("Release") that he executed on May 30, 2023, in which he agreed to release J&J from all claims associated with his use of the medications, Risperdal® and/or Invega® or Invega Sustenna®. *See, e.g.*, Compl. ¶ 3.

7.    Plaintiff alleges that this is a "multi-million dollar Invega Sustena® [sic] Product Liability claim." *Id*. ¶ 1. He requests damages in the sum of $37 million. *Id*.

## II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).**

8.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A. Complete Diversity of Citizenship Exists Between Plaintiff and J&J.**

**1. Plaintiff's Citizenship**

9.    Plaintiff has not affirmatively pleaded his present address or citizenship. However, according to attachments to the Complaint, Plaintiff is a citizen of Ohio. *See* Compl., attached Ohio Identification Card, at 36; Compl.,

attached medical records[2], at 85-86; *see also Rutstein v. Viva 5 Grp., LLC*, 766 F. Supp. 3d 1189, 1197 (M.D. Fla. 2025) ("[A] court considers only the four corners of the complaint, and the exhibits attached to the complaint in a motion to dismiss."); Fla. R. Civ. P. 1.130(b) ("Any exhibits attached to a pleading shall be considered a part thereof for all purposes."). "Court[s] look[] to the 'totality of the evidence'" presented in order to ascertain a party's domicile. *Jones v. L. Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). This extends beyond the allegations in the Complaint. *See McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002) (holding a Florida driver's license was evidence that supported trial court's finding of a Florida domicile); *see also Mock v. UnitedHealthcare Ins. Co.*, No. 6:17-CV-46-ORL-37TBS, 2017 WL 7731956, at *1 (M.D. Fla. Feb. 1, 2017) ("To determine domicile, courts may consider: (1) voting registration and voting practices; (2) location of personal and real property; (3) location of brokerage and bank accounts; (4) membership in unions, fraternal organizations, churches, clubs and other associations; (5) place of employment or business; (6) driver's license and automobile registration; and (7) payment of taxes."). Upon information and belief, Plaintiff is and continues to be a citizen of Ohio for the purposes of diversity jurisdiction. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d

---

[2] Plaintiff attached medical records and the confidential settlement agreement to the complaint. J&J has redacted those records in this filing and will be submitting a motion for leave to file the unredacted records under seal.

4

744, 757-60 (11th Cir. 2010).

10. Despite his Ohio driver's license, according to the Florida Department of State's Voter Information Lookup,[3] Plaintiff is currently registered to vote in Florida. *See* **Exhibit C**.[4] Current voter registration, along with place of residence, demonstrate that a party has a fixed and permanent home where he intends to remain indefinitely, and thus the party's state of citizenship. *See Estate of Cochran v. Marshall*, No. 8:17-CV-1700-T-36TGW, 2017 WL 5899200, at *4 (M.D. Fla. Nov. 30, 2017) (*citing Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974), *cert. denied*, 419 U.S. 842 (1974)). Thus, Plaintiff's voter registration shows he is domiciled in Florida.

11. Thus, for purposes of determining Plaintiff's domicile, he is either a citizen of the State of Ohio or a citizen of the State of Florida. *See Jones*, 141 F. Supp. 2d at 1355). "In determining domicile, a court should consider both positive evidence and presumptions. One such presumption is that the state in which a person resides at any given time is also that person's domicile." *Jones*, 141 F. Supp. 2d at 1355 (citation omitted).

---

[3] Voter Information Lookup, Fla. Dept. of State, https://registration.dos.fl.gov/en/CheckVoterStatus/Index.

[4] Attached hereto as **Exhibit C** is a true and correct copy of a printout of the voter registration information, also available at https://registration.dos.fl.gov/en/CheckVoterStatus (last visited on February 2, 2026). The Court may take judicial notice of this public record. *See* Fed. R. Evid. 201; *see also Univ. Express, Inc. v. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006).

### 2. J&J's Citizenship

12.     Defendant Johnson & Johnson is a corporation.  A corporation is a citizen of both the state in which it was incorporated and the state where it has a principal place of business.  28 U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of the corporation's activities).

13.     Defendant J&J is, and was at the time of this action's filing, a New Jersey corporation, with its principal place of business located at One Johnson & Johnson Plaza, New Brunswick, New Jersey, 08933.  Therefore, J&J is a citizen of New Jersey for purposes of determining diversity.  *See* U.S.C. § 1332(c).

14.     Accordingly, because Plaintiff is a citizen of Ohio or Florida, and J&J is a citizen of New Jersey, there is complete diversity of citizenship between the parties.  *See generally Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005) (establishing diversity by showing that parties are not citizens of the same state).

**B. The Amount in Controversy Exceeds $75,000.**

15.     Removal is proper if it is facially apparent from the complaint that the amount in controversy exceeds the  jurisdictional requirement.  *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  A removing defendant need

only show a "plausible allegation" to show that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88-89 (2014). "What counts is the amount in controversy at the time of removal. It is less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation . . . ." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citation modified).

16. Here, Plaintiff characterizes this product-liability dispute as a "multi-million dollar Invega Sustena [sic] Product Liability claim." *See* Compl. ¶ 1. He alleges that as a result of his ingestion of Invega® and Invega Sustenna®, he has developed "excruciating brown gallstones . . . containing conjugate elevations of bilirubin," which ultimately necessitated he undergo "emergency surgery for non-cosmetic reasons." *Id.* The Complaint requests damages "in the sum of $37 million dollars." *See* Compl. at 1. Furthermore, the Civil Cover Sheet filed with the State Court Action states that the estimated amount of the claim is "over $100,000.00[.]" *See* Civil Cover Sheet, **Exhibit B at pg. 170**. Plaintiff also lists monetary and punitive remedies being sought in this product-liability case. *Id.*

17. It is thus clear from the face of Plaintiff's Complaint that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs." *See* 28 U.S.C. § 1332(a); *see also* 28 U.S.C. § 1446(c)(2).

18.     Even beyond the face of the Complaint, Plaintiff's allegations also make it clear the amount in controversy exceeds the jurisdictional threshold. *See, e.g.*, *Pretka*, 608 F.3d at 754. Courts in the Eleventh Circuit have routinely held that cases involving serious physical injuries from a prescription drug, such as those alleged here, may reasonably result in an amount in controversy that exceeds $75,000. *See, e.g.*, *Wilssens v. Medtronic, Inc.*, No. 09-60792-CIV, 2009 WL 9151079, at *9 (S.D. Fla. July 23, 2009) (finding amount-in-controversy requirement was "facially apparent" from complaint alleging injuries resulting from implantation of medical device); *Valerio v. SmithKine Beecham Corp.*, No.: 08-60522-CIV, 2008 WL 3286976, at *3 (S.D. Fla. Aug. 7, 2008) (finding amount in controversy was "clearly" satisfied in case where complaint alleged injuries including "pulmonary stenosis" in minor child and "serious cardiovascular disorder" resulting from prescription drug); *Bolin ex rel. Bolin v. SmithKline Beecham Corp.*, No. 08-60523-CIV, 2008 WL 3286973, at *3 (S.D. Fla. Aug. 7, 2008) (finding amount-in-controversy requirement was satisfied in case where plaintiff alleged respiratory damages resulting from prescription medication use); *Purdiman v. Organon Pharm. USA, Inc.*, No. 2:08-CV-0006-RWS, 2008 WL 686996, at *2 (N.D. Ga. Mar. 12, 2008) (finding amount in controversy met in case where plaintiff alleged injuries resulting from contraceptive device when "[v]iewing

these allegations *en toto* in light of the Court's common sense and experience").

19. Moreover, reported verdicts and settlements in cases alleging injuries similar to those of Plaintiff demonstrate that damages likely exceed $75,000, exclusive of interests and costs. In fact, in support of his damages, Plaintiff filed a notice of jury verdict reflecting a $70 million award in a product liability action involving another antipsychotic medication. *See* **Exhibit B at pg. 488**, *A.Y. v. Janssen Pharms., Inc.*, Trial Work Sheet (July 1, 2016).

20. Given Plaintiff's demand for damages in excess of $75,000, the allegations themselves, along with severity of the injuries alleged, it is therefore apparent that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interests, as required by 28 U.S.C. § 1332(a). *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (finding "no case in any other circuit that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy").

### III. J&J HAS MET ALL OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL.

21. Written notice of this Notice of Removal is being served upon Plaintiff, and J&J is filing a copy of this Notice of Removal with the Clerk of Court for the Circuit Court of the Seventh Judicial Circuit, in and for St. Johns

County, Florida. *See* 28 U.S.C. § 1446(d).

22. The Notice of Removal is timely filed. Plaintiff attempted, but did not properly effectuate, service of the Complaint on J&J on January 14, 2026. *See* Affidavit of Service, attached hereto as **Exhibit B at pg. 485**. However, without waiving any defenses, including insufficient service of process, J&J timely removes the State Court Action pursuant to 28 U.S.C. § 1446(b) by filing this Removal well within 30 days of the attempted service, January 14, 2026.

23. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06(b), copies of all process, pleadings, orders, and other papers docketed in the State Court are attached as **Exhibit B**.

24. This Notice of Removal is properly filed in the Middle District of Florida, pursuant to 28 U.S.C. § 1446(a).

25. The United States District Court for the Middle District of Florida, Jacksonville Division, is the proper division to which this matter should be assigned because it is the District Court embracing the Circuit Court in and for the Seventh Judicial Circuit, St. Johns County, Florida, where Plaintiff's action is pending. *See* 28 U.S.C. § 1441(a).

26. No previous request has been made for the relief requested herein.

27. No party in interest properly joined and served as a defendant in this action is a citizen of Florida, in which this action was brought. *See* 28 U.S.C.

§ 1441(b)(2).

28.  As set forth above, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441, because J&J has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  In filing this Notice of Removal, J&J does not waive, and specifically reserves, any defense available to it, including but not limited to, those available under Federal Rule of Civil Procedure 12, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a cause of action, and/or failure to join and/or misjoinder of parties.

29.  If any question arises regarding the propriety of the removal of this action, J&J respectfully requests the opportunity to present a brief and oral argument in support of the position that this case is removable.

WHEREFORE, J&J respectfully removes this action from the Circuit Court of the Seventh Judicial Circuit, in and for St. Johns County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division, and request that all further proceedings be conducted in this Court as provided by law.

RESPECTFULLY SUBMITTED this 3rd day of February, 2026.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this date, a true and correct copy of the foregoing was filed with the Clerk of the Court via the CM/ECF system and an electronic copy was furnished to: Plaintiff Brandon Ward, mrbrandonward556@gmail.com and the Florida e-filing portal on this 3rd day of February, 2026.

                                                            LUKS, SANTANIELLO, PETRILLO
                                                            COHEN & PETERFRIEND
                                                            6265 Old Water Oak Road, Suite 201
                                                            Tallahassee, FL 32312
                                                            Telephone:  (850) 385-9901
                                                            Facsimile:   (850) 727-0233

                                                           By: */s/ Andrea Cox*
                                                                 Andrea Cox
                                                                 Florida Bar No.:  173495
                                                                ACox@insurancedefense.net
                                                                Counsel for Defendant Johnson & Johnson