**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BRANDON WARD,

        Plaintiff,

v.                                                                    Case No.   3:26-cv-224-MMH-PDB

JOHNSON & JOHNSON,

        Defendant.

_____

**O R D E R**

    **THIS CAUSE** is before the Court on several motions.   Plaintiff Brandon Ward, pro se, initiated this action in state court on December 22, 2025.   See Complaint: Product Liability (Doc. 1-1); see also State Court Docket Sheet (Doc. 2-1).   Following service, Defendant Johnson & Johnson removed the matter to this Court invoking the Court's subject matter jurisdiction based on diversity. See Notice of Removal (Doc. 1) at 1-3.   On February 10, 2026, Defendant filed Defendant Johnson & Johnson's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (Doc. 11; Motion to Dismiss), along with a Request for Judicial Notice in Support of Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 12; Request).   Plaintiff then filed a deluge of documents which are full of demands and accusations but largely incoherent. See, e.g., Docs. 14-15, 19-21, 23, 26, 28.   As best the Court can discern, a

document titled "Plaintiff's Time Sensitive Opposed Motion to Quash Defendants Motion to Dismiss" (Doc. 37; Response) constitutes Plaintiff's response to the Motion to Dismiss.   <u>See</u> Order (Doc. 42) at 1 n.1, 3 (construing Doc. 37 as Plaintiff's response to the Motion to Dismiss).[1]

On April 7, 2026, the Court entered an Order (Doc. 42) granting Defendant's request to stay the case until resolution of the Motion to Dismiss. <u>See</u> Order at 1-3.   Since then, Plaintiff has filed seven motions.   <u>See</u> Docs. 43-45, 48-49, 55-56.   Of relevance here, one of the motions is titled "Plaintiff's Opposed Motion to Quash Defendant's Motion to Dismiss, Part 2" (Doc. 44; Supplemental Response) and appears to be a second response to the Motion to Dismiss.   Another of those motions is a request for the undersigned to recuse. <u>See</u> Plaintiff's Opposed Motion to Recuse Judge Marcia Howard and Request for Permission to Appeal (Doc. 45; Motion to Recuse), filed April 14, 2026.   The Court relieved Defendant of the obligation to respond to Plaintiff's motions while the case is stayed.   <u>See</u> Order (Doc. 46), entered April 17, 2026.   At this time, the Court finds it appropriate to take up these matters for review.

---

[1] Having determined that this filing is more appropriately treated as a response, the Court directed the Clerk to terminate the document as a pending motion.  <u>See</u> Order at 3. Plaintiff appears to misunderstand the import of this directive.   <u>See</u> Motion to Lift Stay and Appoint Plaintiff Pro Bono Counsel (Doc. 48) at 2.   Terminating the document affects only its classification within the case filing system.   The document remains on the record and the Court has reviewed and considered its contents in resolving the Motion to Dismiss.

### I.      Motion to Recuse (Doc. 45)

The Court will first address Plaintiff's Motion to Recuse. Although difficult to understand, the tone of the Motion to Recuse suggests that Plaintiff is displeased with the undersigned's handling of this case and seeks recusal on that basis. See generally Motion to Recuse. However, Plaintiff's dissatisfaction with the Court's rulings in this case is not a valid basis for recusal. See Stringer v. Doe, 503 F. App'x 888, 890 (11th Cir. 2013) ("Judicial rulings standing alone rarely constitute a valid basis for a bias or partiality motion."). Plaintiff has also threatened to sue the undersigned, but this does not require recusal either. See In re Bush, 232 F. App'x 852, 854 (11th Cir. 2007) ("A judge is not disqualified merely because a litigant sues or threatens to sue [her]." (quoting United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977))); see also Woodruff v. McLane, No. 7:04-cv-96 (HL), 2006 WL 3436045, at *1 (M.D. Ga. Nov. 29, 2006). Indeed, "a per se rule of disqualification under such circumstance 'would allow litigants to judge shop by filing a suit against the presiding judge.'" Woodruff, 2006 WL 3436045, at *1 (quoting In re Taylor, 417 F.3d 649, 652 (7th Cir. 2005)). Absent any valid basis for recusal, the undersigned is obligated to continue presiding over this matter. See United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) ("[A] judge, having been assigned to a case, should not recuse [her]self on unsupported, irrational, or highly tenuous speculation."); Lawal v. Winners Int'l Rests. Co. Operations,

Inc., No. 1:04-CV-0913-WSD, 2006 WL 898180, at \*4 (N.D. Ga. Apr. 6, 2006) ("'A trial judge has as much obligation not to recuse [her]self when there is no reason to do so as [s]he does to recuse [her]self when the converse is true.'"); United States v. Malmsberry, 222 F. Supp. 2d 1345, 1349 (M.D. Fla. 2002) ("[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require."). Accordingly, the Motion to Recuse is due to be denied.

## II.   Motion to Dismiss (Doc. 11)

In the Motion to Dismiss, Defendant raises numerous arguments in support of dismissal, one of which is a lack of personal jurisdiction. See generally Motion to Dismiss. Upon review, the Court finds the personal jurisdiction analysis to be straightforward and dispositive. For the reasons set forth below, the Court determines that it does not have personal jurisdiction over Defendant, and thus, the Court need not address the remainder of Defendant's arguments for dismissal.

### A. Standard of Review

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." See United Tech. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). Where a defendant "challenges jurisdiction by submitting affidavit evidence in support of its

- 4 -

position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" See id. (quoting Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002)).  A district court has discretion to conduct an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction.  See Delong Equip. Co. v. Wash. Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir. 1988). However, where the court does not conduct an evidentiary hearing, "the plaintiff must present only a prima facie showing of . . . personal jurisdiction."  Id.

A plaintiff makes a prima facie showing by presenting evidence sufficient to withstand a motion for directed verdict on the issue of personal jurisdiction. Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988). Thus, "[t]he district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits[,]" and "where the evidence presented by the parties' affidavits . . . conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff."  Id. (citing Delong Equip. Co., 840 F.2d at 845).  This construction in favor of the plaintiff is particularly necessary where the jurisdictional questions are intertwined with the merits of a case.  See Delong Equip. Co., 840 F.2d at 845.  Here, upon consideration of the Motion to Dismiss and Ward's filings in response, the Court determines that an evidentiary hearing is not warranted.  The Court will

accept the allegations in the Complaint as true and consider whether Plaintiff has made a prima facie showing of personal jurisdiction as to Defendant.

### B. Background[2]

Although the Complaint is not a model of clarity, it is apparent that Plaintiff's dispute with Defendant originates out of injuries he allegedly sustained from Defendant's products.  See Complaint at 1-2.  Indeed, Plaintiff states that "This Complaint is Requesting Trial for Product Liability in the sum of $37 million dollars."  Id. at 1.  Specifically, Plaintiff contends that Defendant's product "Invega" caused him to develop painful gallstones necessitating emergency surgery in April 2019.  See id. at 1-2.  According to Plaintiff's allegations, this surgery occurred in Ohio.  Id.

In addition, Plaintiff refers in the Complaint to a "2022 Confidentiality Settlement Agreement."  See id. at 1, 2, 3.  Plaintiff attaches an unsigned version of this Settlement Agreement to the Complaint.  Id., Att. at ECF pp. 13-21.  He also includes excerpts from the Settlement Agreement in the

---

[2] As stated above, for purposes of considering the Motion to Dismiss on the basis of personal jurisdiction, the Court "'must accept the facts alleged in the [Complaint] as true, to the extent they are uncontroverted'" by Defendant's evidence.  See Snow v. DirecTV, Inc., 450 F.3d 1314, 1317 (11th Cir. 2006) (quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)).  Where the Complaint and the evidence conflict, the Court "must construe all reasonable inferences in [P]laintiff's favor."  Id.  Here, there is no conflict in the Complaint and the evidence as it relates to personal jurisdiction.

Complaint, most notably a release provision.  See Complaint at 2.[3]  The

release provides that Plaintiff:

> is forever barred from filing or causing to be filed any claim or litigation or proceeding in and before any agency, tribunal or court relating to any claim [Plaintiff] may have ever had or could have in the future against [Defendant] in any way arising out of or related to Claimant's Claims . . . .

See Settlement Agreement ¶ 5.2; see also Complaint at 2.  "Claimant's Claims"

are defined in the Settlement Agreement to include Ward's allegation that "his

use of two prescription pharmaceuticals—Risperdal® and/or Invega®

individually or in combination, caused him to develop injuries."  See

Settlement Agreement ¶ 2.1.  Plaintiff appears to contend that he should not

be bound by the Settlement Agreement because a lawyer for Defendant engaged

in various forms of misconduct in the making of the Agreement.  See

Complaint at 1-3.  As relevant to the personal jurisdiction analysis, Plaintiff

asserts in the Complaint that "settlement documents" were sent to Tennessee.

See id. at 1.  Indeed, the executed version of the Settlement Agreement reflects

that Plaintiff signed the document before a Tennessee notary.  See Settlement

Agreement at 9.  In addition, according to the Complaint, the lawyer who

---

[3] Defendant submits with its Motion to Dismiss a fully executed and notarized copy of the Settlement Agreement between Plaintiff and Defendant.  See Motion to Dismiss, Ex. B: Settlement Agreement.  The Court finds it appropriate to consider the executed Settlement Agreement under the doctrine of incorporation by reference because Ward refers to the Settlement Agreement in the Complaint, it is central to Ward's claims, and its authenticity is undisputed.  See Luke v. Gulley, 975 F.3d 1140, 1145 (11th Cir. 2020).

engaged in the alleged wrongdoing has a New York address.   See Complaint at 1.

Although the Complaint contains myriad other assertions, the Court finds it unnecessary to summarize Plaintiff's allegations any further.   Rather, in determining whether this Court has personal jurisdiction over Defendant, the Court has carefully reviewed the Complaint and its lengthy attachments for any allegations connecting Defendant, or Plaintiff's claims, to Florida.   There are none.   The only discernible connections to Florida included in the Complaint and its attachments are: 1) a Florida address for Plaintiff on a document dated July 18, 2025, 2) citations to Florida statutes which Plaintiff contends toll the statute of limitations and allow him to bring this product liability claim despite the Settlement Agreement, and 3) screenshots related to filings Plaintiff appears to have made in Florida state court in June 2025.   See Complaint at 1; see also Complaint, Att. at ECF pp. 124-131, 145-149.

### C. Applicable Law

"A federal court sitting in diversity may properly exercise jurisdiction over a defendant only if two requirements are met: (1) the state long-arm statute, and (2) the Due Process Clause of the Fourteenth Amendment."   See Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1214 (11th Cir. 1999); see also Stinson v. Memphis Light Gas & Water, No. 24-12176, 2025 WL 3111029, at *2

(11th Cir. Nov. 6, 2025).[4]  As to the first requirement, Florida's long arm statute authorizes two types of personal jurisdiction—general and specific. See Fla. Stat. § 48.193(1)-(2).  General jurisdiction means "jurisdiction over any claim against a defendant, even if the claim did not arise out of the defendant's activities in Florida," whereas specific jurisdiction means "jurisdiction over a claim that arises out of a defendant's activities in Florida." See Stinson, 2025 WL 3111029, at *2.  To invoke general jurisdiction, a plaintiff must show that "the defendant engaged in 'substantial and not isolated activity' in Florida."  See id. at *2 (quoting Fla. Stat. § 48.193(2)). Alternatively, Florida's long-arm statute provides for specific jurisdiction "when a cause of action arises out of a defendant engaging" in certain actions bearing a connection to Florida as enumerated in the statute.  See Stinson, 2025 WL 3111029, at *2; see also Fla. Stat. § 48.193(1)(a).

The second part of the jurisdictional inquiry requires the Court to consider whether the exercise of jurisdiction would violate due process. Stinson, 2025 WL 3111029, at *3.  "'The touchstone of this analysis is whether the defendant has certain minimum contacts with the state such that the maintenance of the suit does not offend traditional notions of fair play and

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point.  See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

substantial justice.'"   Id. (quoting Waite v. All Acquisition Corp., 901 F.3d 1307, 1312 (11th Cir. 2018)).   "This inquiry ensures that a defendant is haled into court in a forum state based on the defendant's own affiliation with the state, rather than the 'random, fortuitous, or attenuated' contacts it makes by interacting with other persons affiliated with the state."   See Waite, 901 F.3d at 1312 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).

### D. Discussion

As set forth above, Plaintiff bears the initial burden of alleging facts in the Complaint sufficient to demonstrate this Court's personal jurisdiction over Defendant.   See Mazer, 556 F.3d at 1274; see also Stinson, 2025 WL 3111029, at *3.   Plaintiff wholly fails to meet that burden.   The Court has carefully reviewed the Complaint and finds it devoid of any facts connecting Defendant to Florida.   To the contrary, Plaintiff identifies other states where the conduct giving rise to his claims occurred, such as Ohio, where Plaintiff underwent surgery, and Tennessee, where he received the allegedly unlawful Settlement Agreement.[5]   Nor does Plaintiff assert that Defendant itself is present in Florida.[6]   Absent any allegations connecting Defendant to Florida, Plaintiff

---

[5] Notably, upon review of Plaintiff's filings, the Court can discern no arguments in support of the exercise of personal jurisdiction over Defendant in Florida.   While it is clear Plaintiff adamantly opposes dismissal, he also appears to acknowledge that this is a "product liability Case that occurred in Ohio . . . ."   See Supplemental Response at 2.

[6] Because Plaintiff does not allege that Defendant has any affiliation with Florida, the Court finds it unnecessary to consider Defendant's evidence rebutting this point.   As such,

has failed to meet his initial burden of alleging a basis for this Court's jurisdiction over Defendant.   See Stinson, 2025 WL 3111029, at *3.   Absent a showing that this Court may exercise personal jurisdiction over Defendant, the Court "is powerless to take further action."   See id. at *2 (quoting Posner, 178 F.3d at 1214 n.6).

Accordingly, it is

**ORDERED:**

1. Plaintiff's Opposed Motion to Recuse Judge Marcia Howard and Request for Permission to Appeal (Doc. 45) is **DENIED**.

2. Defendant Johnson & Johnson's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (Doc. 11) is **GRANTED** to the extent Defendant seeks dismissal for lack of personal jurisdiction.

3. Plaintiff Brandon Ward's claims against Defendant Johnson & Johnson are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

4. The Clerk of Court is **directed** to enter **judgment** in accordance with this Order.

---

the Court need not address Defendant's request to take judicial notice of Defendant's profile with the Division of Corporations within Florida's Department of State.   See Request, Ex. A. Nonetheless, the Court does note that in the Notice of Removal, defense counsel represents that Defendant is a New Jersey corporation, with its principal place of business in New Jersey. See Notice of Removal at 6.

5. The Clerk of Court is further **directed** to terminate any motions and deadlines as moot and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of July, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

- 12 -